(C.D. 3032)

ARNHOLD CERAMICS, INC., ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 12, 1967)

*Seigel, Mandell & Davidson* for the plaintiffs.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The suits listed in schedule "A," attached hereto and made a part hereof, have been submitted on a written stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States:

That the items marked "A", and checked RD JE (Comm. Spec's initials) by Commodity Specialist Roy K. Dewing, Jr., J. Eardley (Comm. Spec's Name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, and

assessed with duty at 13¾ per centum or 12½ per centum or 11½ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified, consist of high pressure presses and parts which are dedicated for use therewith, similar in all material respects to the merchandise the subject of *Arnhold Ceramics, Inc.* v. *United States*, C.D. 2668, wherein the Court held that the presses and the motors for said presses were separate entities rather than an entirety.

IT IS FURTHER STIPULATED AND AGREED that the appraisement of the contested presses was predicated on the basis that the presses and their motors constituted an entirety, no separate values for each of said items have been returned by the appraiser.

That the record in C.D. 2668 be incorporated and made a part of the record in the protests enumerated on the schedule attached hereto and made a part hereof, and that the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A", as aforesaid, and abandoned as to all other items.

Accepting the foregoing stipulation of facts and following the authority cited, *Arnhold Ceramics, Inc.* v. *United States*, 56 Cust. Ct. 416, C.D. 2668, we find and hold the involved high pressure presses and motors to be separate entities rather than entireties.

Accordingly, said protests filed against such void liquidation are premature, and the involved protests are hereby dismissed, and the matter is remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate value of the high pressure presses and motors in the manner provided by law (28 U.S.C. § 2636(d)). As to all other items, the protests having been abandoned are dismissed.

Judgment will be entered accordingly.